# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN

Lorain Obomanu, Personal
Representative of the Estate of Sabrie
Alexander, Deceased,

      Plaintiff,

Case No. 2:17-cv-11435
(consolidated with 2:17-cv-13749)

v.

Hon. Avern Cohn
Mag. Judge Elizabeth A. Stafford

Warren, et al.,

      and

Pei, et al.,

      Defendants.

---

FIEGER LAW
Geoffrey N. Fieger (P30441)
Gina Puzzuoli (P37992)
Attorney for Plaintiff
19390 W. 10 Mile Road
Southfield, MI 48075
(248) 355-5555
g.fieger@fiegerlaw.com
g.puzzuoli@fiegerlaw.com

MICHIGAN DEPT. OF ATTORNEY
GENERAL
Rock Wood (P41181)
John Thurber (P44989)
Attorneys for MDOC Defendants
P.O. Box 30736
Lansing, MI 48909
(517) 373-6434
woodr5@michigan.gov
thurberj@michigan.gov

CHAPMAN LAW GROUP
Ronald W. Chapman Sr., M.P.A.,
LL.M. (P37603)
Kevin A. McQuillan (P79083)
Attorneys for Defendants Corizon
Health, Inc.; Claire Pei, D.O.; Robert
Lacy, D.O.; Pu Qin, M.D.; Audley
Mamby, M.D.; Aryan Taymour, P.A.;
Mohammed Azimi, M.D.; Alice
Kramer, P.A.; and Valitas Health
Services, Inc.
1441 West Long Lake Rd., Suite 310
Troy, MI 48098
(248) 644-6326
rchapman@chapmanlawgroup.com
kmcquillan@chapmanlawgroup.com

[Additional counsel on following page]

---

| | |
|---|---|
| HARVEY KRUSE, P.C. | RUTLEDGE MANION RABAUT TERRY & THOMAS PC |
| Dennis M. Goebel (P23509) | |
| Christopher D. Messing (P78900) | Dale A. Robinson (P55522) |
| Attorneys for W. Miles, L.P.N. | Attorney for Mohammed Irfan, M.D. and Mary Closser, M.D. |
| 1050 Wilshere Drive, Suite 320 | 333 W Fort St., Suite 1600 |
| Troy, MI 48084 | Detroit, MI 48226 |
| (248) 649-7800 | (313) 965-6100 |
| dgoebel@harveykruse.com | drobinson@rmtt.com |
| cmessing@harveykruse.com | |

## DEFENDANTS CORIZON HEALTH, INC.; CLAIRE PEI, D.O.; ROBERT LACY, D.O.; PU QIN, M.D.; AUDLEY MAMBY, M.D.; ARYAN TAYMOUR, P.A.; MOHAMMED AZIMI, M.D.; ALICE KRAMER, P.A.; AND VALITAS HEALTH SERVICES, INC.'S MOTION FOR RULE 11 SANCTIONS AGAINST PLAINTIFF AND/OR HER COUNSEL

NOW COME Defendants CORIZON HEALTH, INC.; CLAIRE PEI, D.O.; ROBERT LACY, D.O.; PU QIN, M.D.; AUDLEY MAMBY, M.D.; ARYAN TAYMOUR, P.A.; MOHAMMED AZIMI, M.D.; ALICE KRAMER, P.A.; and VALITAS HEALTH SERVICES, INC. (the "Corizon Defendants"), by and through their attorneys, CHAPMAN LAW GROUP, and for their Motion for Sanctions against Plaintiff and/or Her Counsel, pursuant to Fed. R. Civ. P. 11, state as follows:

1.    The Corizon Defendants ask this Court to enter an Order imposing sanctions against Plaintiff Lorain Obomanu and/or her counsel, Geoffrey N. Fieger and Gina Puzzuoli, for their violations of Fed. R. Civ. P. 11(b)(1)-(3).

2

2.     Plaintiff and/or her counsel violated Fed. R. Civ. P. 11(b)(3) by knowingly making six (6) demonstrably false allegations in the Unified Amended Complaint ("UAC").

3.     Additionally, Plaintiff and/or her counsel violated Fed. R. Civ. P. 11(b)(1) by making these false allegations in the UAC "to harass, cause unnecessary delay, [and] needlessly increase the cost of litigation." Fed. R. Civ. P. 11(b)(1).

4.     Plaintiff and/or her counsel also violated Fed. R. Civ. P. 11(b)(2) by continuing to raise claims against Dr. Pei despite knowing that Dr. Pei had no active involvement with Alexander's medical care and treatment in 2014.

5.     In support of this Motion, the Corizon Defendants rely on the attached Brief in Support.

6.     As required by Federal Rule of Civil Procedure 11, counsel for the Corizon Defendants served a copy of this motion and the accompanying Brief via e-mail on August 27, 2018, which is more than 21 days before this filing. (**Exhibit A, Proof of Service**).

7.     Prior to filing this Motion, on August 27, 2018, counsel for the Corizon Defendants discussed these issues, the nature of this Motion, its legal basis, and the relief sought with opposing counsel in person and via email. E.D.

Mich. L.R. 7.1(a). Plaintiff's counsel did not concur in the relief sought. E.D. Mich. L.R. 7.1(a)(2)(A).

WHEREFORE Defendants CORIZON HEALTH, INC.; CLAIRE PEI, D.O.; ROBERT LACY, D.O.; PU QIN, M.D.; AUDLEY MAMBY, M.D.; ARYAN TAYMOUR, P.A.; MOHAMMED AZIMI, M.D.; ALICE KRAMER, P.A.; and VALITAS HEALTH SERVICES, INC., respectfully request that this Honorable Court grant the Corizon Defendants' Motion for Sanctions; find that Plaintiff and/or her counsel violated Fed. R. Civ. P. 11(b)(1)-(3); impose Fed. R. Civ. P. 11(c) sanctions against Plaintiff Lorain Obomanu and/or her counsel, Geoffrey N. Fieger and Gina Puzzuoli, in an amount to be determined sufficient to deter future false allegations and to compensate the Corizon Defendants for costs and attorney fees incurred in this action; and provide any and all further relief that the Court deems just and equitable.

Respectfully submitted,
CHAPMAN LAW GROUP

Dated: September 21, 2018

/s/Kevin A. McQuillan
Ronald W. Chapman Sr., M.P.A., LL.M (P37603)
Kevin A. McQuillan (P79083)
Attorneys for Defendants Corizon Health, Inc.; Claire Pei, D.O.; Robert Lacy, D.O.; Pu Qin, M.D.; Audley Mamby, M.D.; Aryan Taymour, P.A.; Mohammed Azimi, M.D.;

Alice Kramer, P.A.; and Valitas Health
Services, Inc.
1441 West Long Lake Rd., Suite 310
Troy, MI 48098
(248) 644-6326
rchapman@chapmanlawgroup.com
kmcquillan@chapmanlawgroup.com

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN

Lorain Obomanu, Personal
Representative of the Estate of Sabrie
Alexander, Deceased,

     Plaintiff,

v.

Warren, et al.,

    and

Pei, et al.,

    Defendants.

Case No. 2:17-cv-11435
(consolidated with 2:17-cv-13749)

Hon. Avern Cohn
Mag. Judge Elizabeth A. Stafford

---

| | |
|---|---|
| FIEGER LAW<br>Gina Puzzuoli (P37992)<br>Attorney for Plaintiff<br>19390 W. 10 Mile Road<br>Southfield, MI 48075<br>(248) 355-5555<br>g.puzzuoli@fiegerlaw.com<br><br>MICHIGAN DEPT. OF ATTORNEY GENERAL<br>Rock Wood (P41181)<br>John Thurber (P44989)<br>Attorneys for MDOC Defendants<br>P.O. Box 30736<br>Lansing, MI 48909<br>(517) 373-6434<br>woodr5@michigan.gov<br>thurberj@michigan.gov | CHAPMAN LAW GROUP<br>Ronald W. Chapman Sr., M.P.A., LL.M. (P37603)<br>Kevin A. McQuillan (P79083)<br>Attorneys for Defendants Corizon Health, Inc.; Claire Pei, D.O.; Robert Lacy, D.O.; Pu Qin, M.D.; Audley Mamby, M.D.; Aryan Taymour, P.A.; Mohammed Azimi, M.D.; Alice Kramer, P.A.; and Valitas Health Services, Inc.<br>1441 West Long Lake Rd., Suite 310<br>Troy, MI 48098<br>(248) 644-6326<br>rchapman@chapmanlawgroup.com<br>kmcquillan@chapmanlawgroup.com<br><br>[Additional counsel on following page] |

---

| HARVEY KRUSE, P.C. | RUTLEDGE MANION RABAUT TERRY & |
|---|---|
| Dennis M. Goebel (P23509) | THOMAS PC |
| Christopher D. Messing (P78900) | Dale A. Robinson (P55522) |
| Attorneys for W. Miles, L.P.N. | Attorney for Mohammed Irfan, M.D. |
| 1050 Wilshere Drive, Suite 320 | and Mary Closser, M.D. |
| Troy, MI 48084 | 333 W Fort St., Suite 1600 |
| (248) 649-7800 | Detroit, MI 48226 |
| dgoebel@harveykruse.com | (313) 965-6100 |
| cmessing@harveykruse.com | drobinson@rmtt.com |

**BRIEF IN SUPPORT OF DEFENDANTS CORIZON HEALTH, INC.;
CLAIRE PEI, D.O.; ROBERT LACY, D.O.; PU QIN, M.D.; AUDLEY
MAMBY, M.D.; ARYAN TAYMOUR, P.A.; MOHAMMED AZIMI, M.D.;
ALICE KRAMER, P.A.; AND VALITAS HEALTH SERVICES, INC.'S
MOTION FOR RULE 11 SANCTIONS AGAINST PLAINTIFF**

**PROOF OF SERVICE**

ii

## **TABLE OF CONTENTS**

INDEX OF AUTHORITIES.......................................................................... iv

INDEX OF EXHIBITS ................................................................................ vi

STATEMENT OF ISSUES PRESENTED.................................................... vii

CONTROLLING/APPROPRIATE AUTHORITY FOR RELIEF SOUGHT...... viii

STATEMENT OF FACTS .............................................................................1

LEGAL ARGUMENT ...................................................................................6

    I.      Legal Standard ................................................................................6

    II.     Plaintiff Knowingly Made Six False Allegations in the UAC in
           Violation of Fed. R. Civ. P. 11(b)(3)..........................................8

    III.    Plaintiff Made Six False Allegations to Harass the Corizon
           Defendants, Cause Unnecessary Delay, and Needlessly Increase the
           Cost of Litigation in Violation of Fed. R. Civ. P. 11(b)(1)....................11

    IV.   Plaintiff's Unwarranted Legal Contentions Against Dr. Pei Violated
           Fed. R. Civ. P. 11(b)(2) ...........................................................12

CONCLUSION AND RELIEF SOUGHT ...........................................................14

# INDEX OF AUTHORITIES

## Cases

*Ana Leon T. v. Fed. Res. Bank*,
    823 F.2d 928 (6th Cir. 1987) ...............................................................................11

*Bailey v. Papa John's USA, Inc*.,
    236 F. App'x 200 (6th Cir. 2007)...........................................................................9

*Bellamy v. Bradley*,
    729 F.2d 416 (6th Cir. 1984) ...............................................................................12

*Bout v. Bolden*,
    22 F. Supp. 2d 653 (E.D. Mich. 1998) ................................................................7

*Century Prods., Inc. v. Sutter*,
    837 F.2d 247 (6th Cir. 1988) ...............................................................................7

*Chapman v. City of Detroit*,
    808 F.2d 459 (6th Cir. 1986) ...............................................................................11

*Copeland v. Machulis*,
    57 F.3d 476 (6th Cir. 1995) .................................................................................12

*Fieger v. Cox*,
    524 F.3d 770 (6th Cir. 2008) ...................................................................... 11, 12

*Greene v. Barber*,
    310 F.3d 889 (6th Cir. 2002) ...............................................................................12

*Herron v. Jupiter Transp. Co*.,
    858 F.2d 332 (6th Cir. 1988) ...............................................................................9

*In re Fieger*, No. 97-1359,
    1999 U.S. App. LEXIS 22435 (6th Cir. Sep. 10, 1999)......................................11

*Mann v. G&G Mfg., Inc.*,
    900 F.2d 953 (6th Cir. 1990) ...............................................................................7

*Monell v. Dept. of Soc. Servs.*,
     436 U.S. 658 (1978).............................................................................12

*Poe v. Haydon*,
     853 F.2d 418 (6th Cir. 1988) ..............................................................13

*Rentz v. Dynasty Apparel Indus., Inc.*,
     556 F.3d 389 (6th Cir. 2009) ................................................................9

*Ridder v. City of Springfield*,
     109 F.3d 288 (6th Cir. 1997) ................................................................9

*Rizzo v. Goode*,
     423 U.S. 362 (1976)............................................................................12

*Shehee v. Lutrell*,
     199 F.3d 295 (6th Cir. 1999) ..............................................................12

*Tareco Properties, Inc. v. Morriss*,
     321 F.3d 545 (6th Cir. 2003) ................................................................7

*Weaver v.* Toombs,
     756 F. Supp. 335 (W.D. Mich. 1989) .................................................13

## **Statutes**

28 U.S.C. § 1927.......................................................................................7

## **Rules**

Fed. R. Civ. P. 11 ............................................................. *passim*

v

## <u>INDEX OF EXHIBITS</u>

**EXHIBIT A**        Proof of Service

**EXHIBIT B**        Relevant Portions of Sabrie Alexander's Michigan Department
of Corrections ("MDOC") electronic medical records ("EMR"),
*filed under seal*

**EXHIBIT C**        Transcript of Phyllis Wright's Deposition

**EXHIBIT D**        Plaintiff's Chart of Allegations

**EXHIBIT E**        Relevant Portion of Plaintiff's Response to the Corizon
Defendants' First Set of Discovery Requests

**EXHIBIT F**        *In re Fieger*, No. 97-1359, 1999 U.S. App. LEXIS 22435 (6th
Cir. Sep. 10, 1999)

**EXHIBIT G**        Portion of Dr. Pei's Deposition Transcript

**STATEMENT OF ISSUES PRESENTED**

I.    SHOULD THE COURT IMPOSE SANCTIONS AGAINST PLAINTIFF AND/OR HER COUNSEL FOR KNOWINGLY MAKING SIX FALSE ALLEGATIONS IN THE UNIFIED AMENDED COMPLAINT ("UAC") IN VIOLATION OF FED. R. CIV. P. 11(B)(3)?

The Corizon Defendants contend the answer is    YES.

Plaintiff contends the answer is    NO.

II.    SHOULD THE COURT IMPOSE SANCTIONS AGAINST PLAINTIFF AND/OR HER COUNSEL BECAUSE THE SIX FALSE ALLEGATIONS IN THE UAC WERE MADE TO HARASS THE CORIZON DEFENDANTS, CAUSE UNNECESSARY DELAY, AND NEEDLESSLY INCREASE THE COST OF LITIGATION IN VIOLATION OF FED. R. CIV. P. 11(B)(1)?

The Corizon Defendants contend the answer is    YES.

Plaintiff contends the answer is    NO.

III.    SHOULD THE COURT IMPOSE SANCTIONS AGAINST PLAINTIFF AND/OR HER COUNSEL BECAUSE THE UAC'S CLAIMS AGAINST DR. PEI ARE NOT WARRANTED BY LAW IN VIOLATION OF FED. R. CIV. P. 11(B)(2)?

The Corizon Defendants contend the answer is    YES.

Plaintiff contends the answer is    NO.

## <u>CONTROLLING/APPROPRIATE AUTHORITY FOR RELIEF SOUGHT</u>

Federal Rule of Civil Procedure 11 provides that,

> By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). When a pleading is contrary to this certification, a court may award sanctions against the "attorneys, law firms or parties" responsible. Fed. R. Civ. P. 11(c).

To determine whether sanctions are appropriate, a court must assess "whether the individual's conduct was reasonable under circumstances." *Mann v.*

*G&G Mfg., Inc.,* 900 F.2d 953, 958 (6th Cir. 1990). This inquiry is an objective one. *Century Prods., Inc. v. Sutter,* 837 F.2d 247, 253 (6th Cir. 1988).

Sanctions under Rule 11 "must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11 (c)(4). A court may impose "non-monetary directives; an Order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an Order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation." Fed. R. Civ. P. 11(c)(5).

## <u>STATEMENT OF FACTS</u>

Plaintiff Lorain Obomanu, as personal representative of Sabrie Alexander's estate, alleged on May 4, 2017 that the Corizon Defendants and others violated Ms. Alexander's Eighth Amendment rights. *See generally* (**ECF #1**). The parties began the formal discovery process on or about September 20, 2017. *See* (**ECF #67**). Prior to that, Plaintiff (through prior counsel) obtained 361 pages of electronic medical records ("EMR") from the Michigan Department of Corrections ("MDOC") on or about February 6, 2014. *See* (**Exhibit B, EMR, p. MDOC_00835**). Plaintiff also signed a release on June 28, 2017 authorizing defendants to receive a copy of Alexander's MDOC EMR. (**Exhibit B, p. MDOC_00828**).

On the same day formal discovery began (September 20, 2017), this Court dismissed Plaintiff's Eighth Amendment allegations against Dr. Pei and Dr. Lacy. *See* (**ECF #66**). Rather than seek leave to amend her prior lawsuit, Plaintiff then filed a second lawsuit on November 17, 2017 to restate her claims against Dr. Pei and Dr. Lacy, and to raise claims for the first time against Dr. Mamby. *See* (**ECF #1 in 2:17-cv-13749**). This Court granted in part and denied in part Defendants Dr. Pei, Dr. Lacy, and Dr. Mamby's Motion to Dismiss in the second lawsuit (2:17-cv-13749). In particular, this Court agreed that Plaintiff's cruel and unusual

1

punishment claim "must . . . be dismissed" because it was duplicative. (**ECF #117, PageID.1743**).

On or about April 17, 2018, Plaintiff (through her current counsel) responded to the Corizon Defendants' First Set of Interrogatories and Request for Production of Documents. (**Exhibit E, Discovery Response, p. 1**). Plaintiff stated under oath the extent and basis of her allegations against the Corizon Defendants. *See* (**Exhibit E, pp. 5-8, 21-30**). Regarding Dr. Pei, Plaintiff referred to medical records from June 10 and 11, 2014 as well as EMR notes from September 10 and 15, 2014. (**Exhibit E, p. 24**). The corresponding EMR notes show that Dr. Pei was not actively or directly involved; rather she was merely listed on the "provider" line. (**Exhibit B, pp. MDOC_00687, 684, 491, 480**). Dr. Pei confirmed this during her April 26, 2018 deposition. (**Exhibit G, Pei Dep. Trans., pp. 68-77**). Regarding, PA Taymour, Plaintiff gave no indication that PA Taymour had any interaction with Alexander on May 5 or 8, 2014, or July 24, 2014. (**Exhibit E, pp. 24-28**). Additionally, Plaintiff gave no indication that PA Kramer, Dr. Lacy, Dr. Pei, PA Taymour or Dr. Mamby interacted with Alexander on April 17, 2014. *See* (**Exhibit E, pp. 5-8, 21-30**).

Regarding Dr. Lacy, Plaintiff stated his only interaction with Alexander occurred on September 15, 2014. (**Exhibit E, p. 28**). However, the corresponding EMR note shows that co-Defendant MDOC Nurse Novotny drafted the note and

2

merely listed Dr. Lacy in the "provider" line. (**Exhibit B, p. MDOC_00479**). As for PA Kramer, Plaintiff stated her only involvement occurred on June 11, 2014 and July 9, 2014. (**Exhibit E, p. 28-29**). However, the corresponding EMR notes show that (1) PA Kramer merely documented a "no show" (*i.e.*, Alexander did not appear for her appointment) on June 11, 2014; and (2) MDOC Nurse Borso entered a lab order for Alexander on July 9, 2014 and listed PA Kramer in the "provider" line. (**Exhibit B, p. MDOC_00684, 641-642**). Like Dr. Pei, there is no evidence of Dr. Lacy or PA Kramer ever directly coming into contact and interacting with Alexander in 2014.

On May 16, 2018, Plaintiff took the deposition of co-Defendant MDOC case manager Phyllis Wright. *See* (**Exhibit C, Wright Dep. Trans., p. 2**). Ms. Obomanu and Ms. Puzzuoli were in attendance. (**Exhibit C, pp. 3, 5**). Ms. Wright testified she once mistakenly entered "Mary Closser" into the EMR "provider" line after an appointment with Alexander. (**Exhibit C, p. 170, 224-225**). She explained that MDOC personnel merely "hit . . . [a] button on the drop down menu" in the EMR to populate the provider line. (**Exhibit C, p. 170, ll. 2-11**). Thus, through Ms. Wright's testimony, Plaintiff and her counsel learned that the provider line in an EMR document does not indicate that the listed person had any involvement with the content of the note. (**Exhibit C, p. 170, 224-225**). Plaintiff even acknowledged this fact in her chart that she subsequently provided to this Court. (**Exhibit D,**

**Plaintiff's Chart of Allegations, p. 6**). Based on this knowledge, Plaintiff and her counsel conceded that there was no evidence to support the allegations against co-Defendant Mary Closser, M.D. and stipulated to dismissing all claims against Dr. Closser with prejudice on August 7, 2018. (**ECF #129**).

On June 8, 2018, Plaintiff filed a Unified Amended Complaint ("UAC") after this Court consolidated the two lawsuits. (**ECF #116**). The UAC now contains (in addition to duplicative claims) assertions that Plaintiff and/or her counsel knew were demonstrably false at the time the UAC was filed:

1. (**ECF #116, PageID.1681-1682, ¶ 64**): Plaintiff claims PA Kramer, Dr. Lacy, Dr. Pei, PA Taymour, and Dr. Mamby had contact with Alexander on April 17, 2014 because their names are listed on the "provider" line of electronic medical record ("EMR") documents created by MDOC personnel (and/or co-Defendant psychiatrist Dr. Irfan) on April 17, 2014. *See* (**Exhibit B, pp. MDOC_00767-770, 774-776**).

2. (**ECF #116, PageID.1682, ¶ 65**): Plaintiff claims each and every defendant had contact with Alexander despite knowing at the time the UAC was filed that Dr. Lacy, Dr. Pei, and PA Kramer never had contact with Alexander. *See* (**Exhibit B, pp. MDOC_00491, 683-684**).

3. (**ECF #116, PageID.1684, ¶ 74**): Plaintiff falsely claims PA Taymour had contact with Alexander on May 5, 2014 despite knowing at the time the UAC was filed that it was MDOC Nurse Margie Rose, R.N. who had contact with Alexander that day. *See* (**Exhibit B, pp. MDOC_00749-750**).

4. (**ECF #116, PageID.1684-1685, ¶ 76**): Plaintiff falsely claims that on May 8, 2014 an unidentified corrections

officer informed PA Taymour that Alexander was having a seizure, and that PA Taymour had contact with Alexander on that date, despite knowing at the time the UAC was filed that it was MDOC Nurse Catherine Ozor who had contact with Alexander that day. *See* (**Exhibit B, p. MDOC_00736**).

5.  (**ECF #116, PageID.1689, ¶ 90**): Plaintiff falsely claims that Dr. Mamby had contact with Alexander on June 23, 2014 despite knowing at the time the UAC was filed that it was MDOC Psychiatrist Arun Kulkarni, M.D. who had contact with Alexander on that date. (**Exhibit B, pp. MDOC_00672-673, 666-670**).

6.  (**ECF #116, PageID.1689, ¶ 91**): Plaintiff falsely claims PA Taymour noted Alexander suffered another seizure on July 24, 2014 however Plaintiff knew at the time the UAC was filed that this allegation was false and that there is no evidence to support this allegation. *See* (**Exhibit B, p. MDOC_00631**).

Plaintiff and/or her counsel made these false accusations to harass the Corizon Defendants, cause undue delay, and needlessly increase the costs of litigation: fictitious factual allegations were used to avoid dismissal of the UAC. *See* (**ECF #132**). The UAC also continues to make allegations against Dr. Pei, even though Plaintiff and/or her counsel knew that the relevant legal authorities do not permit claims against people who, like Dr. Pei, had no active involvement in the alleged facts. As a result, the Corizon Defendants ask this Court to impose Rule 11 sanctions against Plaintiff and/or her counsel.

5

## <u>LEGAL ARGUMENT</u>

### I.    Legal Standard

Federal Rule of Civil Procedure 11 provides that,

> By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (5) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (6) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (7) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (8) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). When a pleading is contrary to this certification, a court may award sanctions against the "attorneys, law firms or parties" responsible. Fed. R. Civ. P. 11(c).

To determine whether sanctions are appropriate, a court must assess "whether the individual's conduct was reasonable under circumstances." *Mann v.*

6

*G&G Mfg., Inc.*, 900 F.2d 953, 958 (6th Cir. 1990). This inquiry is an objective one. *Century Prods., Inc. v. Sutter*, 837 F.2d 247, 253 (6th Cir. 1988). "Fraudulent behavior is certainly not reasonable. A party to the litigation who is responsible for such fraudulent behavior is sanctionable under Rule 11." *Bout v. Bolden*, 22 F. Supp. 2d 653, 654-55 (E.D. Mich. 1998) (internal citations omitted).

Sanctions under Rule 11 "must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(4). A court may impose "non-monetary directives; an Order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an Order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation." Fed. R. Civ. P. 11(c)(5).

Additionally, "any attorney … who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. The standard for § 1927 sanctions is met "when an attorney knows or should know that a claim pursued is frivolous." *Tareco Properties, Inc. v. Morriss*, 321 F.3d 545, 550 (6th Cir. 2003) (internal citation omitted).

7

## II.    Plaintiff Knowingly Made Six False Allegations in the UAC in Violation of Fed. R. Civ. P. 11(b)(3)

Plaintiff and her counsel have acted unreasonably in this case by knowingly making six false allegations in the UAC:

1. (**ECF #116, PageID.1681-1682, ¶ 64**): Plaintiff claims PA Kramer, Dr. Lacy, Dr. Pei, PA Taymour, and Dr. Mamby had contact with Alexander on April 17, 2014 because their names are listed on the "provider" line of electronic medical record ("EMR") documents created by MDOC personnel (and/or Dr. Irfan) on April 17, 2014. *See* (**Exhibit B, pp. MDOC_00767-770, 774-776**).

2. (**ECF #116, PageID.1682, ¶ 65**): Plaintiff claims each and every defendant had contact with Alexander despite knowing at the time the UAC was filed that Dr. Lacy, Dr. Pei, and PA Kramer never had contact with Alexander. *See* (**Exhibit B, pp. MDOC_00491, 683-684**).

3. (**ECF #116, PageID.1684, ¶ 74**): Plaintiff falsely claims PA Taymour had contact with Alexander on May 5, 2014 despite knowing at the time the UAC was filed that it was MDOC Nurse Margie Rose, R.N. who had contact with Alexander that day. *See* (**Exhibit B, pp. MDOC_00749-750**).

4. (**ECF #116, PageID.1684-1685, ¶ 76**): Plaintiff falsely claims that on May 8, 2014 a unidentified corrections officer informed PA Taymour that Alexander was having a seizure, and that PA Taymour had contact with Alexander on that date, despite knowing at the time the UAC was filed that it was MDOC Nurse Catherine Ozor who had contact with Alexander that day. *See* (**Exhibit B, p. MDOC_00736**).

5. (**ECF #116, PageID.1689, ¶ 90**): Plaintiff falsely claims that Dr. Mamby had contact with Alexander on June 23, 2014 despite knowing at the time the UAC was filed that

8

it was MDOC Psychiatrist Arun Kulkarni, M.D. who had contact with Alexander on that date. (**Exhibit B, pp. MDOC_00672-673, 666-670**).

6. (**ECF #116, PageID.1689, ¶ 91**): Plaintiff falsely claims PA Taymour noted Alexander suffered another seizure on July 24, 2014 however Plaintiff knew at the time the UAC was filed that this allegation was false and that there is no evidence to support this allegation. *See* (**Exhibit B, p. MDOC_00631**).

Rule 11 sanctions are proper here because Plaintiff has "continued to litigate after it became clear that" the allegations identified above were "frivolous, unreasonable [and] without foundation." *Bailey v. Papa John's USA, Inc*., 236 F. App'x 200, 203 (6th Cir. 2007); *see also Rentz v. Dynasty Apparel Indus., Inc*., 556 F.3d 389, 395 (6th Cir. 2009) (discussing Rule 11's "continuing duty of candor"); *Ridder v. City of Springfield*, 109 F.3d 288, 293 (6th Cir. 1997) (same); *Herron v. Jupiter Transp. Co*., 858 F.2d 332, 335-36 (6th Cir. 1988) (discussing litigants "continuing responsibility to review and reevaluate [their] pleadings").

Plaintiff's allegations in Paragraphs 64-65, 74, 76, and 90 of the UAC are based on nothing more than the names appearing in the EMR next to the word "provider." Plaintiff ignores the "document generated by" (or "user") line – which indicates who authored a given EMR entry. Plaintiff knew (early on in this lawsuit) from the testimony of Phyllis Wright and others, *see, e.g.*, (**Exhibit C, pp. 170, 224-225**), that MDOC personnel merely "hit . . . [a] button on the drop down menu" in the EMR to populate the provider line. (**Exhibit C, p. 170, ll. 2-11**).

9

Plaintiff even acknowledged this fact in her chart that she provided to this Court. (**Exhibit D, p. 6**).

By relying exclusively on the 'provider' line to support the allegations listed above, despite knowing that the 'provider' line was not an indication that the named person was involved with the note, Plaintiff made "factual contentions" in the UAC that she knew lacked any "evidentiary support" and would not "have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. P. 11(b)(3). Therefore, Rule 11 sanctions are appropriate.

Moreover, Paragraph 91 is patently false. Plaintiff knew the allegation in Paragraph 91 was false at the time she filed the UAC. First, Alexander's MDOC EMR shows that MDOC Nurse Crystal Fischer, R.N. made the only note from July 24, 2014 in Alexander's EMR. (**Exhibit B, p. MDOC_00631**). Second, the EMR shows that Alexander told co-Defendant MDOC case manager Wright on July 30, 2014 that she "has not had [panic attack] symptoms lately" and "has not had any [seizures] since she came to prison in April 2014." (**Exhibit B, p. MDOC_00629**). Third, when asked by the Corizon Defendants to explain her allegations against PA Taymor under oath, Plaintiff made no mention of any July 24, 2014 interaction. (**Exhibit E, pp. 6, 24-28**). By asserting that PA Taymour interacted with Alexander on July 24, 2014, despite knowing that this was untrue, Plaintiff made "factual contentions" that she knew lacked any "evidentiary support" and would

10

not "have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. P. 11(b)(3). Therefore, this Court should grant this Motion and impose Rule 11 sanctions.

### III. Plaintiff Made Six False Allegations to Harass the Corizon Defendants, Cause Unnecessary Delay, and Needlessly Increase the Cost of Litigation in Violation of Fed. R. Civ. P. 11(b)(1)

Plaintiff (and/or her counsel) concocted the six demonstrably false allegations "to harass, cause unnecessary delay, [and] needlessly increase the cost of litigation." Fed. R. Civ. P. 11(b)(1). Plaintiff knew that conclusory and unsupported allegations would be insufficient to avoid dismissal. *Ana Leon T. v. Fed. Res. Bank*, 823 F.2d 928, 930 (6th Cir. 1987); *Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir. 1986). Rather than withdrawing her conclusory claims, Plaintiff submitted pure fiction to this Court disguised as factual allegations to unnecessarily elongating this litigation and increase the Corizon Defendants' costs. She made this decision despite (1) possessing contrary evidence, (2) receiving warnings from defense counsel, and (3) admonishment by the Court both in the initial dismissal Order (**ECF #66**) and the subsequent Order regarding Motions to Dismiss (**ECF #117**).

This is not the first time Fieger's firm has used pleadings in this way. *See, e.g.*, *Fieger v. Cox*, 524 F.3d 770, 776 (6th Cir. 2008); *see also In re Fieger*, No. 97-1359, 1999 U.S. App. LEXIS 22435 (6th Cir. Sep. 10, 1999) (**Exhibit F**). In

11

2008, the Sixth Circuit found no abuse of discretion when a court in this district imposed Rule 11 sanctions against Fieger for allegations "wholly lacking in merit . . . spurred solely by plaintiffs' . . . animus toward [the defendant.]" *Fieger*, 524 F.3d at 774. This Court should reach the same conclusion here. The admissible evidence in this case shows that Plaintiff is needlessly increasing the Corizon Defendants' costs by knowingly making false allegations to avoid dismissal of her claims and cause unnecessary delay. *See* (**ECF #132, PageID.2080**) (opposing dismissal of the UAC based on the false allegations in Paragraphs 64 and 65). Therefore, this Court should grant this Motion and impose Rule 11 sanctions.

## IV.   Plaintiff's Unwarranted Legal Contentions Against Dr. Pei Violated Fed. R. Civ. P. 11(b)(2)

Plaintiff must allege that each Corizon Defendant was personally involved in the conduct underpinning the UAC. *Rizzo v. Goode*, 423 U.S. 362 (1976); *Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir. 1995). Plaintiff had to allege that each Corizon Defendant played an <u>active</u> role in violating Alexander's rights – alleging "a mere failure to act" is insufficient, and there is no respondeat superior liability in § 1983 actions. *Shehee v. Lutrel,*, 199 F.3d 295, 300 (6th Cir. 1999) (citing *Salehpour v. University of Tenn.,* 159 F.3d 199, 206 (6th Cir. 1998); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002); *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658 (1978); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). In addition, alleging that a Corizon Defendant was aware of alleged illegal conduct

12

after the fact is not a basis for 42 U.S.C. § 1983 liability. *Weaver v. Toombs*, 756 F. Supp. 335, 337 (W.D. Mich. 1989). Likewise, merely being aware of a prisoner's complaint and failing to take corrective action is also insufficient. *Poe v. Haydon*, 853 F.2d 418, 429 (6th Cir. 1988).

Despite these long-held standards, Plaintiff made deliberate indifference claims against Dr. Pei in the UAC. Before the UAC was filed, Dr. Pei testified on April 26, 2018 that she was not involved with Alexander's medical care in 2014. (**Exhibit G, pp. 68-77**). Dr. Pei was not "aware or notified or made aware" of Alexander's alleged needs in 2014. (**Exhibit G, p. 75**). Rather, her name was included in the 'provider' line on three EMR entries from 2014 because "the [MDOC] nurses use[] one of our physician's names for their own documentation." (**Exhibit G, p. 72**). Dr. Pei has "no control over which doctor [MDOC nurses] pick when they do the documentation." (**Exhibit G, p. 69**). Thus, Plaintiff's allegations against Dr. Pei in the UAC are merely based on her position as a medical provider at Alexander's prison.

Even with evidence of Dr. Pei's complete lack of involvement in Alexander's medical care and treatment in 2014, Plaintiff continues to allege incorrect and false facts to support her allegations and merely claims that Dr. Pei should have been aware of alleged deficiencies in Alexander's medical care because she is a medical provider at the prison. *See* (**ECF #116, PageID.1681-**

13

**1682, 1721; ¶¶ 64-65, 195**). Because Plaintiff has failed to truthfully allege any personal involvement by Dr. Pei in 2014, her deliberate indifference theory against Dr. Pei violates Fed. R. Civ. P. 11(b)(2): it is not warranted by existing law or by non-frivolous argument for extending, modifying or reversing existing law or for establishing new law. Therefore, this Court should grant this Motion and impose Rule 11 sanctions.

## CONCLUSION AND RELIEF SOUGHT

The six allegations identified above are false, and Plaintiff knew that at the time she filed the UAC. Counsel for the Corizon Defendants attempted to resolve this issue without involving the Court, however Plaintiff would not relent. Therefore, the Corizon Defendants ask this Court to enter an Order imposing sanctions against Plaintiff's counsel, Geoffrey N. Fieger and Gina Puzzuoli, and/or Plaintiff Lorain Obomanu for their violations of Federal Rule of Civil Procedure 11(b)(1)-(3).

WHEREFORE Defendants CORIZON HEALTH, INC.; CLAIRE PEI, D.O.; ROBERT LACY, D.O.; PU QIN, M.D.; AUDLEY MAMBY, M.D.; ARYAN TAYMOUR, P.A.; MOHAMMED AZIMI, M.D.; ALICE KRAMER, P.A.; and VALITAS HEALTH SERVICES, INC., respectfully request that this Honorable Court grant the Corizon Defendants' Motion for Sanctions; find that Plaintiff and/or her counsel violated Fed. R. Civ. P. 11(b)(1)-(3); impose Fed. R.

Civ. P. 11(c) sanctions against Plaintiff Lorain Obomanu and/or her counsel, Geoffrey N. Fieger and Gina Puzzuoli, in an amount to be determined sufficient to deter future false allegations and to compensate the Corizon Defendants for costs and attorney fees incurred in this action; and provide any and all further relief that the Court deems just and equitable.

Respectfully submitted,
CHAPMAN LAW GROUP

Dated: September 21, 2018

/s/Kevin A. McQuillan
Ronald W. Chapman Sr., M.P.A., LL.M (P37603)
Kevin A. McQuillan (P79083)
Attorneys for Defendants Corizon Health, Inc.; Claire Pei, D.O.; Robert Lacy, D.O.; Pu Qin, M.D.; Audley Mamby, M.D.; Aryan Taymour, P.A.; Mohammed Azimi, M.D.; Alice Kramer, P.A.; and Valitas Health Services, Inc.
1441 West Long Lake Rd., Suite 310
Troy, MI 48098
(248) 644-6326
rchapman@chapmanlawgroup.com
kmcquillan@chapmanlawgroup.com

15

## **PROOF OF SERVICE**

I hereby certify that on September 21, 2018 I presented the foregoing paper to the Clerk of the Court for filing and uploading to the ECF system, which will send notification of such filing to the attorneys of record listed herein and I hereby certify that I have mailed by US Postal Service the document to the involved non participants.

<div style="margin-left:40%">

/s/Kevin A. McQuillan
Kevin A. McQuillan (P79083)
1441 West Long Lake Rd., Suite 310
Troy, MI 48098
(248) 644-6326
kmcquillan@chapmanlawgroup.com

</div>